IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SUPERIOR INDUSTRIES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PRECISION, INC.,<br><br>    Defendant. | No. 4:21-cv-00224-RGE-SBJ<br><br>**ORDER RE:<br>RULE 11 SANCTIONS** |

Plaintiff Superior Industries, Inc. asserts claims of patent infringement against Defendant Precision, Inc. Compl., ECF No. 1. In December 2022, the Court issued a claim construction order construing disputed terms in the asserted patents. Order on Claim Construction, ECF No. 82. In February 2023, Superior moved to file amended infringement contentions. Pl.'s Mot. Amend Infringement Contentions, ECF No. 100. In May 2023, Precision moved for sanctions under Federal Rule of Civil Procedure 11, arguing four aspects of Superior's amended infringement contentions were objectively baseless. Order Den. Mots. Summ. J. and Granting in Part Mot. Sanctions 27–28, ECF No. 157. In March 2024, the Court granted in part Precision's motion for sanctions, stating "Superior will be ordered to pay 50% of Precision's attorney's fees and costs associated with the litigation of Superior's motion to amend, ECF No. 100, and all of Precision's attorney's fees and costs associated with the litigation of Precision's motion for sanctions, ECF No. 107." *Id.* at 33–34. Precision was directed to file an itemized calculation of these attorney's fees and costs, accompanied by documentation and supporting argumentation. *Id.* at 34.

Consistent with the Court's direction, Precision filed a notice of fees. Def.'s Notice Fees, ECF No. 159. Superior was granted leave to respond to the notice of fees and filed such response. Pl.'s Resp. Def.'s Notice Fees, ECF No. 165. In its response, Superior asks that the fee award

be imposed only on counsel for Superior, not Superior itself, because the conduct found sanctionable was Superior's assertion of frivolous legal contentions. *Id.* at 2. Superior also asks that the fee award be made payable only after final judgment. *Id.* Further Superior submits that three categories of fees identified and documented by Precision are not within the Court's grant of Rule 11 sanctions or not correctly calculated. *Id.* at 3. Superior argues the fees granted to Precision should be reduced by $14,345 to account for these errors. *Id.*

Superior's first request is granted. "Sanctions that involve monetary awards (such as a fine or an award of attorney's fees) may not be imposed on a represented party for causing a violation of subdivision (b)(2), involving frivolous contentions of law." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. The conduct identified as sanctionable was the assertion of two specious legal contentions. ECF No. 157 at 27–34. Accordingly, the imposition of the payment of attorney's fees, as a sanction, is properly imposed on Superior's counsel, not Superior itself.

Superior's second request is denied. Superior concedes the Court has discretion to determine the timing of the payment of the ordered Rule 11 sanctions. Moreover, courts have reasoned it is "highly appropriate" to impose sanctions under Rule 11 immediately to increase the likelihood that such sanctions cause their intended deterrent effect. *See Ortho Pharm. Corp. v. Sona Distribs., Inc.*, 117 F.R.D. 170, 173 (S.D. Fla. 1986) (citing *In re Yagman*, 796 F.2d 1165, 1184 (9th Cir. 1986)).

Superior's third request is granted. The Court determined in its prior order that "Superior will be ordered to pay 50% of Precision's attorney's fees and costs associated with the litigation of Superior's motion to amend, ECF No. 100, and all of Precision's attorney's fees and costs associated with the litigation of Precision's motion for sanctions, ECF No. 107." ECF No. 157 at 33–34. Superior served Precision with an initial draft of its proposed amended infringement contentions on December 21, 2022, ECF No. 165 at 2–3; *accord* Pl.'s Ex. B Supp. Linden Decl. 16–17, ECF No. 100-4 (dated December 21, 2022), so all of Precision's legal work concerning

that motion to amend or the motion for sanctions arising from the amended infringement contentions could occur no earlier than December 21, 2022. Accordingly, Precision's entries documenting legal fees dated to December 20, 2022, or earlier and entries that lack any express reference to legal work associated with Superior's motion to amend infringement contentions or Precision's motion for sanctions will not be included in the Court's calculation of legal fees for the purposes of the sanctions at issue. *See* Def.'s Ex. 1 Supp. Brophy Decl., ECF No. 159-2 at 2 (rows 1–4); Def.'s Ex. 1 Supp. Kahler Decl., ECF No. 159-4 at 2 (rows 10–12, 18); ECF No. 159-4 at 3 (rows 1, 5–6). Further, some entries documenting legal fees provide descriptions that indicate the allocated time was associated with the Rule 11 sanctions motions as well as other matters not necessarily related to the sanctions motion or the motion to amend, such as review of expert reports or preparation of motions for summary judgment. *See* ECF No. 159-2 at 5 (rows 14, 25, 29, 31); *id.* at 6 (rows 6, 22, 26); ECF No. 159-4 at 4 (row 5). The fees accounted for by these entries will be reduced by 50%. Last, some entries documenting legal fees provide descriptions that indicate the allocated time was associated with legal work on Superior's amended infringement contentions but Precision seeks 100% of these fees. ECF No. 159-4 at 2 (rows 1–9, 13, 15–17). The fees accounted for by these entries will be reduced by 50% pursuant to the Court's order. ECF No. 157 at 34.

Subject to these modifications, the Court accepts Precision's requested attorney's fees. When assessing attorney's fees, courts in this circuit generally calculate fees "by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party seeking the award must provide evidence supporting the claimed rate. *Hensley*, 461 U.S. at 433. These principles notwithstanding, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011); *see also Ortho*

3

*Pharm. Corp.*, 117 F.R.D. at 173 (applying "settled principles" when calculating fees and costs for purposes of Rule 11 sanctions). Precision provides declarations as evidence that the fees documented by the filed records are reasonable fees for the work completed in counsels' respective markets. Brophy Decl. ¶¶ 5–6, ECF No. 159-1 at 2; Kahler Decl. ¶ 4, ECF No. 159-3 at 2. Accordingly, the Court accepts Precision's calculation of fees, $147,718.75, less the reduction by $14,343 requested by Superior, for a final calculation of $133,375.75. Precision has not provided any accounting of pertinent costs. ECF No. 159 at 4.

Therefore, **IT IS ORDERED** that counsel for Plaintiff Superior Industries, Inc., is liable for the fees calculated. Counsel for Plaintiff Superior Industries, Inc. are ordered to issue payment in the amount of $133,375.75 to Precision, Inc. by June 6, 2024. Counsel for Plaintiff Superior Industries, Inc. shall also file a notice with this Court when the payment has issued.

**IT IS SO ORDERED.**

Dated this 23rd day of May, 2024.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

4