IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SUPERIOR INDUSTRIES, INC., | **No. 4:21-cv-00224-RGE-SBJ** |
| Plaintiff, | |
| v. | **ORDER DENYING COUNSEL FOR PLAINTIFF'S MOTION TO STAY EXECUTION OF RULE 11 SANCTIONS ORDER** |
| PRECISION, INC., | |
| Defendant. | |

In this case, Plaintiff Superior Industries, Inc. asserts claims of patent infringement against Defendant Precision, Inc. Compl., ECF No. 1. In May 2023, Precision moved for sanctions under Federal Rule of Civil Procedure 11. Def.'s Mot. Sanctions, ECF No. 107. In March 2024, the Court granted in part Precision's motion for sanctions, stating "Superior will be ordered to pay 50% of Precision's attorney's fees and costs associated with the litigation of Superior's motion to amend, ECF No. 100, and all of Precision's attorney's fees and costs associated with the litigation of Precision's motion for sanctions, ECF No. 107." Order Den. Mots. Summ. J. and Granting in Part Mot. Sanctions 33–34, ECF No. 157. Pursuant to the order Precision filed an itemized calculation of pertinent attorney's fees, and the Court ordered Counsel for Superior to issue payment to Precision in the amount of $133,375.75 by June 6, 2024. Order Re: Rule 11 Sanctions 4, ECF No. 166.[1]

On June 4, 2024, Counsel for Superior filed the motion now before the Court, asking the Court to "stay execution of the Sanctions Order through appeal." Pl.'s Mot. Stay Execution of Sanctions Order 2, ECF No. 167. Counsel for Superior states Superior "intends to timely appeal

---

[1] The Court granted Superior's request to impose the sanctions on Superior's counsel, not Superior itself. ECF No. 166 at 2.

the sanction award once a final judgment is entered." Pl.'s Br. Supp. Mot. Stay Execution of Sanctions Order 3, ECF No. 167-1. Counsel for Superior invoke the authority of Federal Rule of Civil Procedure 62(b) and argue the rule provides for the stay requested, at this stage in the litigation, upon posting of an appropriate supersedeas bond. *Id.* at 1–3. They propose a supersedeas bond "in the amount of $160,050.90 (120% of the sanctions award of $133,375.75)." *Id.* at 4. They further argue that even if Rule 62 does not apply to the execution of Rule 11 sanctions, the Court has discretion to grant the stay requested upon posting of a supersedeas bond. *Id.* at 3–4 (citing *Johnston v. Titan Logistics & Res., LLC*, No. 17-1617, 2022 WL 672260, at *3 (W.D. Pa. Mar. 7, 2022)).

Precision resists this motion to stay. Def.'s Resist. Pl.'s Mot. Stay Execution of Sanctions Order, ECF No. 169. Precision emphasizes the Court has already considered and rejected Superior's request to defer execution of the Rule 11 sanctions. *Id.* at 2–3. Further, Precision argues Counsel for Superior fail to cite binding authority holding Rule 62 applies to Rule 11 sanctions. *See id.* at 3–4. Precision also correctly notes the majority of cases Counsel for Superior cite are inapposite because they concern a motion to stay execution of sanctions following final judgment in the case. *Id.* at 3–4.

Federal Rule of Civil Procedure 62(b) states, "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security." As indicated by the clause "[a]t any time after judgment is entered," Fed. R. Civ. P. 62(b), Rule 62 governs "stays of proceedings to enforce a judgment" and "does not govern stays in proceedings other than to enforce a judgment," 11 Wright & Miller, Federal Practice and Procedure § 2901 (3d ed. 1998) (June 2024 Update). "Judgment" as used in the Federal Rules of Civil Procedure is "a decree and any order from which an appeal lies." *Id.* at n.3; Fed. R. Civ. P. 54(a). The Court does not view its order imposing Rule 11 sanctions on Superior as an immediately appealable order, in part because it

implicates the merits of the underlying action. *See United States v. Haynes*, 793 F.3d 901, 902–03 (8th Cir. 2015) (citing *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999); *S.E.C. v. Smith*, 710 F.3d 87, 95, 96 (2d Cir. 2013) (holding "*Cunningham* applies to appeals of sanctions imposed under Rule 11 as well as under the district court's inherent powers because, like Rule 37 sanctions, these appeals will often implicate the merits of the underlying action")). Counsel for Superior appears to concede this position by signaling it will not seek appeal until "final judgment is entered." ECF No. 167-1 at 3. Moreover, Counsel for Superior cite no cases or other authority that provide persuasive indication this Court's sanctions order is presently appealable. *See id.* at 1–3 (arguing only that Rule 62 as amended does not require that an appeal has already been filed). For these reasons, the Court does not view Rule 62 as applicable authority under which the relief sought by Counsel for Superior may be granted. *Cf. Johnston*, 2022 WL 672260, at *1 (noting the parties agreed a sanctions order under Rule 37 was "not subject to an immediate appeal" and "Rule 62 governing the execution of judgments does not directly apply to that Order").

Further, the Court declines to grant a discretionary stay. As previously stated, "courts have reasoned it is 'highly appropriate' to impose sanctions under Rule 11 immediately to increase the likelihood that such sanctions cause their intended deterrent effect." ECF No. 166 at 2. Counsel for Superior's offer to post a supersedeas bond does not change the Court's conclusion that these sanctions must be executed now. Precision has already borne the burden of the misconduct necessitating sanctions. Moreover, Counsel for Superior has not provided any evidence establishing a risk of unfair and impending hardship that would be avoided by a stay and bond posting. *See* ECF No. 167-1 at 3–4 (stating only that a stay and bond posting would ensure "Superior's counsel is not unfairly deprived of its money if it successfully appeals the sanction"); *cf. Johnston*, 2022 WL 672260, at *2 (recognizing potential re-collection risk upon successful appeal as a relevant factor).

Therefore, **IT IS ORDERED** that Counsel for Plaintiff Superior Industries, Inc.'s Motion to Stay Execution of Sanctions Order, ECF No. 167, is **DENIED**.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2024.

Rebecca Goodgame Ebinger
UNITED STATES DISTRICT JUDGE